FERRIS E. TRAYLOR ET AL. *v.* BY-PASS 46 STEAK HOUSE, INC. ET AL.

[No. 371S78. Filed August 16, 1972. Rehearing denied November 3, 1972.]

*Early, Arnold & Ziemer,* of Evansville, for appellants.

*Frick & Powell, Norton & Schwentker,* of Evansville, for appellees.

GIVAN, J.—Proceedings were commenced in the trial court by the several appellees in this cause, who filed their complaints in the Vanderburgh Superior Court. In each of the cases the plaintiffs allege that neither Ferris E. Traylor nor Property Developers, Inc. were officers or directors of the plaintiff corporation, but that they had physical possession of all books and accounts, financial records, operating records, and were asserting control over all monies and income of the plaintiff corporations without any right and authority so to act.

The complaints further allege that the appellants had failed to account to any of the appellees for income or disbursements for a period of two years, and that appellants had failed to turn over control of the corporate assets to the appellees, after having been requested to do so by the corporations and their respective officers and directors. The complaints pray for temporary and permanent injunctive relief restraining the appellants from controlling or managing the business affairs of the plaintiff corporations and for an order to require the appellants to turn over the corporate records, accounts, and documents to the appellees and to file accountings with respect to the corporate business affairs of each corporation and to return control and management of the corporation in each case to its officers and directors.

After having heard the evidence, the trial court granted the temporary injunctive relief sought.

In the findings of fact and conclusions of law which were

substantially the same in each individual case, the trial court found the individual appellees to be the only officers and directors of the corporate appellees, and that neither the defendant Traylor nor Property Developers, Inc. is now an officer or director of any of the appellee corporations. That the appellants have physical possession and control of the books of account, financial records, operating records, franchise agreements and other papers and records of the appellee corporations. That the appellants without right of authority are exercising control over the business affairs of the appellee corporations and have refused to deliver the books and records of the appellee corporations to their officers and directors. That said officers and directors are entitled to the possession and control of the affairs of said corporations, and that the appellants should be restrained from further controlling and managing the business affairs of the appellee corporations. The appellants were required to file an accounting covering the period of time they had controlled the books and records of the corporation. The court further found the appellees were entitled to receive the income accruing during such period. Appellees were ordered to file a $60,000 bond as security for costs and damages as required by Trial Rule 65 (C) of the Indiana Rules of Procedure.

The appellants have instituted this appeal claiming (1) the plaintiff corporations through their officers and directors have failed to follow the law by their refusal to transfer shares of stock, and (2) he who seeks equitable relief from a court in the form of the extraordinary remedy of injunction must have done equity and must come into court with clean hands.

There is ample evidence, which is uncontradicted, to support the finding of the trial court that the appellants are in fact in control of the various plaintiff corporations as above indicated. In defense of their position that the appellees should be denied relief in a court of equity under the "clean

hands" doctrine, the appellants submitted the following evidence:

The appellant Ferris E. Traylor had requested each of the five plaintiffs to transfer to Property Developers, Inc. the stock standing in his name on the books of the corporations. As to two of the plaintiff corporations, Tri-State Franchisers and Bloomington Steak House, Inc., Traylor has furnished, in addition to his request, executed stock powers covering the shares in each of such corporations standing in his name. In addition, a stock power of Douglas Meyers representing 15 shares in Tri-State Franchisers, Inc. has been forwarded to such corporation for transfer to Property Developers, Inc. The evidence is undisputed that the corporations have failed and refused to transfer ownership of such stock to Property Developers, Inc. as requested.

In addition, there was evidence that stock powers representing 45 shares in the name of Edgar C. Engelbrecht have been forwarded to Tri-State Franchisers, Inc. and Bloomington Steak House, Inc. requesting transfer to Property Developers, Inc., which request has also been refused.

It was the position of the appellees in the trial court and their position on this appeal that there is pending litigation in other cases disputing the ownership of Ferris E. Traylor and Property Developers, Inc. as to any stock in any of the five appellee corporations. In their reply brief the appellants question appellees' statement in this regard in that they claim these cases have been resolved against the appellees and that they are only "still pending" by reason of appellees' stated intentions of appealing those cases. After so observing the appellants in their reply brief state:

"... however, we do not in the cases here on appeal seek to have a determination of stock ownership in favor of our clients, and the issue of stock ownership is asserted only as a defense resisting the equitable relief of injunction sought by the Plaintiff-Appellees."

Under the circumstances we cannot agree with the appellants that the appellees have come to a court of equity with "unclean hands." There is no question but that one who comes into a court of equity must come with clean hands. *Ferguson* v. *Boyd* (1907), 169 Ind. 537, 81 N. E. 71. However, we cannot say that the appellees in this case in refusing to grant stock transfers were guilty of wilful misconduct. Whether the appellees were correct or incorrect in the position they took as to the lawful ownership of outstanding shares of stock, they certainly had a right to have a legal determination on that question. The appellants are asking this Court to declare appellees guilty of having unclean hands, but at the same time acknowledge that they do not seek to have a determination in this case of the stock ownership. We could hardly find the appellees guilty of unclean hands unless we in fact found that their refusal to transfer the stock in question was a wilful disregard of the rights of appellants. This is a matter which both parties have conceded has been submitted to another tribunal in a separate cause of action. In order to come within the clean hands maxim, we would have to find that the conduct of the appellees involved intentional misconduct. Under the facts of this case, even if it were to be ultimately determined that the appellants were in fact entitled to the stock transfers they claim, the acts of the appellees would appear to be merely a misapprehension of their legal rights under the circumstances. We hold that under such a set of facts the "clean hands" maxim does not apply to the appellees in this case. *30 C.J.S., Equity,* § *95, page 1022.*

There is no doubt from the record in this case that the individual appellees are the duly acting officers and directors of the appellee corporations and as such are entitled to control the business affairs and assets of the corporations as provided in Burns' Ind. Stat., 1970 Repl., § 25-516. We, therefore, hold that there is ample evidence in this record to sustain the findings of the trial court.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 285 N. E. 2d 820.