**KELLER OIL CO., Carol E. Keller, Bob L. Keller, Petitioners,**

v.

**The INDIANA DEPARTMENT OF REVENUE, Respondent.**

No. 80T05–8612–TA–00055.

Tax Court of Indiana.

Feb. 19, 1987.

Michael Ryan Hartman, Scopelitis & Garvin, Indianapolis, for petitioners.

Linley E. Pearson, Atty. Gen. by Terry G. Duga, Deputy Atty. Gen., Indianapolis, for respondent.

## ORDER ON PETITION TO ENJOIN COLLECTION OF TAX PENDING ORIGINAL TAX APPEAL

FISHER, Judge.

### STATEMENT OF THE CASE

The Petitioner herein having filed its "Verified Petition to Enjoin Collection of Tax Pending Original Tax Appeal" and the Court having heard evidence and arguments of counsel now finds:

1. Petitioner Keller Oil Company (Keller Oil) is a sole proprietorship owned by Petitioners Carol Keller and Bob Keller.

2. That the primary business of Keller Oil is the sale of petroleum products including those fuels upon which there is due a special fuel tax imposed by IND.CODE 6–6–2.1.

3. That the amount of special fuel tax alleged to be due including penalty and interest as of the date of issuance of notice of proposed assessment (Joint Exhibit 1) is in the sum of $38,506.96.

4. That Petitioners Carol Keller and Bob Keller are sole shareholders, officers and directors of Keller Transit, Inc. (Keller Transit).

5. That Petitioners sold $125,000 worth of special fuel to Keller Transit over a period of one year and Keller Transit has neither paid for the product nor paid the special fuel tax as per agreement (Joint Exhibit 3).

6. That part of the amount alleged to be due is the special fuel tax due on special fuel sold by Petitioners to Keller Transit.

7. That Petitioners do not dispute the sum of $514.97 due as special fuel tax by reason of special fuel sold to Kempton Grain and which tax has not yet been paid.

8. Petitioners were uncooperative during the audit and did not produce requested records.

## OPINION

IND.CODE 33–3–5–11(c) reads as follows:

(c) After a hearing on the petition filed under subsection (b), the tax court may enjoin the collection of the tax pending the original tax appeal, if the tax court finds that:

(1) the issues raised by the original tax appeal are substantial;

(2) the petitioner has a reasonable opportunity to prevail in the original tax appeal; and

(3) the equitable considerations favoring the enjoining of the collection of the tax outweigh the state's interests in collecting the tax pending the original tax appeal.

The granting of an injunction by courts generally, in addition to any statutory provisions, is pursuant to inherent equity powers and usually is done when the Petitioner has no remedy at law and if the opposing party is not enjoined from taking certain action, the Petitioner will be irreparably harmed. *Rees v. Panhandle E. Pipe Line*

*Co.* (1978), 176 Ind.App. 597, 377 N.E.2d 640.

It has not been argued and the Court does not decide herein whether irreparable harm must be shown in addition to the criteria set out in IC 33–3–5–11(c) or whether such may be the basis for an injunction in lieu of such criteria.

■ From the testimony of Petitioner Carol Keller, it appears that if Respondent is not enjoined, Petitioner may have to liquidate its business in order to pay the alleged tax. This, one may argue, constitutes irreparable harm. However, using general equity principles, Petitioners have not conducted themselves toward Respondent in a manner which would entitle them to equitable relief. When Respondent's agent sought to audit Petitioner as to special fuel tax, Petitioner Carol Keller was uncooperative, did not furnish requested records, and in fact has yet to furnish them as to inventory amounts at the beginning and end of the years in question. Yet she complains that Respondent, in using the same beginning and ending inventories each year, has erred. In the record, the testimony of Petitioner Carol Keller discloses only that on January 1, 1983, the beginning inventory was approximately 10,-000 gallons of special fuel (T–20); without ending inventories, this offers no assistance in determining the tax in the manner desired by Petitioners.

Also, according to Respondent's audit (Joint Exhibit 2) during the periods in question, 61,343 gallons of special fuel were sold to Keller Transit, on which the special fuel tax was due but was never paid to Petitioners, nor by Petitioners to Respondent. Petitioner Carol Keller testified that the tax was never paid because Keller Transit did not pay the invoices for the product. While there is no evidence as to what Keller Transit did with the product and since Petitioners have not alleged that the same is still on hand, one may assume that the product was either sold or consumed in the business of Keller Transit. Since there is such a close relationship between Keller Oil and Keller Transit, and certainly lack of an arm's-length relationship between them, the Court cannot take seriously the argument that Petitioners were never paid for the product. It appears to the Court that Petitioners enjoyed some benefit from the sale of the product to Keller Transit. For these reasons, the Court finds that Petitioner does not come into this case with clean hands and therefore, they do not qualify for any arguable general equity relief. *See Traylor v. By-Pass 46 Steak House* (1972), 259 Ind. 224, 285 N.E.2d 820; *Indiana High School Athletic Assn. v. Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66, 84. *See generally Shondel v. McDermott* (7th Cir.1985), 775 F.2d 859, 868.

■ In analyzing the evidence in light of the requisite statutory findings, the Court, while having difficulty in finding that the issues raised in the original tax appeal are substantial, gives the benefit of the doubt to the Petitioners in that the tax alleged to be due is a substantial sum.

■ The Court, on the evidence thus far presented, does not find that the Petitioner has a reasonable opportunity to prevail in the original tax appeal.

Petitioners, while alleging that there were inventory records tendered but refused by the auditors, have failed to produce these records either at the administrative hearing on August 18, 1986 (Exhibit D–2 Original Tax Appeal Petition) or at the hearing on the injunction. While it is not necessary to have the same evidence at an injunction hearing as at a trial on the merits, it is still necessary to have more than a bare assertion, especially when it appears that the documentation is readily available.

As to the issue of whether some and how much of the special fuel was sold for non-highway use, on which no special fuel tax is due, Petitioner Carol Keller testified that between ten and twelve percent of the special fuel sold and not accounted for was for non-highway use. (T–21 and 22). By calculating the total gallons in the audit for which Respondent alleges special fuel tax is due, and dividing the total into the gallons Respondent says are not accounted for, it appears that approximately forty

percent of the total tax alleged to be due is for fuel not accounted for. IND.CODE 6–8.1–5–4(a) requires persons such as the Petitioners to keep adequate records. Since it appears that Petitioner has not kept adequate records and since IC 6–8.1–5–1(a) permits the Respondent to use the best information available to calculate the tax liability, it does not appear that Petitioner has a reasonable opportunity to prevail in the original tax appeal on this issue.

The remaining issue is whether Petitioner must pay the tax on special fuel sold to Keller Transit which tax is due on the product sold but not collected. It is clear that Petitioner has the obligation to remit the tax whether or not they have collected it. (Joint Exhibit 3, ¶ 4.3). There is no dispute as to whether the taxes are owed.

### CONCLUSION

For the reasons stated above in the discussion of the Court's inherent equity powers, it does not appear that the equitable considerations favoring the enjoining of the tax outweigh the State's interest in the collection of the tax. All an injunction would do is to delay the payment of the tax. It is likely that Petitioners' assets would be dissipated further and the Court finds this to be especially likely in light of Petitioner's previous conduct in delivering a substantial amount of product to Keller Transit for a one year period without payment.

For the reasons above stated, the Court now overrules and denies the Petition for Injunction.