WEDGEWOOD COMMUNITY
ASSOCIATION, INC.,
Appellant–Plaintiff,

v.

Robert O. NASH and Barbara Nash,
Appellee–Defendants.

No. 02A03–0204–CV–112.

Court of Appeals of Indiana.

May 21, 2003.

Michael H. Michmerhuizen, Patrick G. Murphy, Barrett & McNagny LLP, Fort Wayne, IN, Attorneys for Appellant.

David Van Gilder, Van Gilder & Trzynka, PC, Fort Wayne, IN, Attorney for Appellees.

**OPINION ON REHEARING**

MATHIAS, Judge.

Appellee, Robert O. Nash ("Nash"), has petitioned for rehearing in *Wedgewood Cmty. Ass'n v. Nash,* 781 N.E.2d 1172 (Ind.Ct.App.2003), which we grant for the limited purpose of clarifying our original opinion. Nash contends that this court erred by announcing "a new and previously unknown standard" that allows the directors of homeowners associations—so long as the association itself does not own neighborhood property—to freely violate their homeowners associations' covenants while simultaneously enforcing substantially similar violations against their neighbors. Petition for Rehearing at 1, 6–7.

■ Nash misconstrues the holding of this court. In our previous opinion in this case, we held that Wedgewood Community Association ("Wedgewood Association") could not possibly be violating the same restrictive covenant as Nash because the association itself is not a resident of the

neighborhood.[1] *Wedgewood,* 781 N.E.2d at 1179. Because Wedgewood Association is not a resident of the neighborhood, Nash could not assert the doctrine of unclean hands against it. However, despite the unavailability of the doctrine of unclean hands under these facts and circumstances, the doctrines of estoppel and acquiescence clearly remain available. Nash's failure to challenge the trial court's finding that he did not meet his burden of proving estoppel or acquiescence—rather than a "new and previously unknown standard" announced by this court—preclude the assertion of estoppel and acquiescence in this case.

Nash further notes the holding in *Schwartz v. Holycross,* 83 Ind.App. 658, 665, 149 N.E. 699, 701 (1925):

> Where the owner of a tract of land sells the same off in lots, with restrictions upon the use of the lots sold, he will lose his right in equity to enforce the restrictions against one grantee, if he knowingly has permitted other grantees to violate the same restrictions, the effect of which violation is to abrogate the purpose of the restrictions and alter the general scheme intended to be conserved by it. This rule is applicable whether the suit is brought by the original grantor or by one of the several grantees of land sold in accordance with the general scheme of the original grantor.

Petition for Rehearing at 7. *Schwartz* is distinguishable from the case at bar because Nash's dispute is not with the developer, but rather with the subsequent homeowners association. Under our facts

and circumstances, *Schwartz* is akin to the doctrine of acquiescence, which was rejected by the trial court and not raised on appeal by Nash.

Nash also claims that Wedgewood Association directors' alleged unclean hands should be imputed to Wedgewood Association on the basis of *Shriner v. Sheehan,* 773 N.E.2d 833 (Ind.Ct.App.2002). In *Shriner,* the Court of Appeals held that an individual minority shareholder's unclean hands barred his action against the majority shareholder of a corporation. *Id.* at 848. Nash argues that if an individual can be barred from bringing an equitable suit against a corporation on the basis of unclean hands, then the reverse should be true and a corporation's directors' unclean hands should bar the assertion of equitable relief against an individual. Petition for Rehearing at 8–9. Nash's assertion misses the point. In *Wedgewood,* we held that Wedgewood Association could not have unclean hands because Wedgewood itself was not allegedly violating the restrictive covenants; rather, Nash was asserting that individual resident Wedgewood Association directors were violating the restrictive covenants. *Wedgewood,* 781 N.E.2d at 1179. In *Shriner,* the individual minority shareholder, as the entity praying for equitable relief, was found to have unclean hands. *Shriner,* 773 N.E.2d at 848. As discussed above, adequate remedies are available to Nash and to others similarly situated. To extend *Shriner* as urged by Nash would truly be "a new and previously unknown standard," the making of which is the province of our supreme court.

1. Nash claims that, in so holding, this court "made its own new finding that Wedgewood was not itself a resident of the neighborhood." Petition for Rehearing at 6. However, as stated in paragraph one of the trial court's Order of the Court, "[Wedgewood Association] is an Indiana non-for-profit corpo-

ration formed to operate as the homeowner association's governing body of Wedgewood Place subdivision." Appellant's App. p. 13. Wedgewood Association, as a non-profit corporation formed to govern the association, cannot be a resident of the neighborhood.

Subject to this clarification, our earlier opinion is hereby affirmed.

BAILEY and SULLIVAN, JJ., concur.