**WEDGEWOOD COMMUNITY ASSOCIATION, INC., Appellant (Plaintiff below),**

v.

**Robert O. NASH and Barbara Nash, Appellees (Defendants below).**

**No. 02A03–0204–CV–112.**

Supreme Court of Indiana.

June 17, 2004.

Michael H. Michmerhuizen, Patrick G. Murphy, Fort Wayne, IN, Attorneys for Appellant.

David Van Gilder, Fort Wayne, IN, Attorney for Appellees.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS; NO. 02A03–0204–CV–112.

Petition for transfer denied.

RUCKER, Justice, dissenting from denial of transfer.

The Wedgewood Community Association is a non-profit corporation that operates as a homeowners' association. The Association is comprised of the homeowners in the Wedgewood subdivision, and its Board of Directors are all elected volunteers. Homeowners are bound by a restrictive covenant providing that no shack, barn, or other unattached outbuilding may be constructed on any lot without the prior approval of the Association's Board of Directors or its Architectural Control Committee.

Robert Nash, his wife Barbara, and their four children reside on one of the 161 lots in the Wedgewood subdivision. In February of 2000, Nash erected an eight-foot by ten-foot garden shed in his backyard without receiving approval from the board of directors or the committee. After preliminary negotiations proved unsuccessful the Association sued Nash, seeking declaratory and injunctive relief alleging that the shed violated the restrictive covenant. Nash filed a counterclaim alleging racial discrimination in the Association's enforcement of the covenant. Following a bench trial, the trial court rejected Nash's counterclaim and found that his shed was in violation of the restrictive covenant. However, finding that structures in the yards of two other homeowners—including the yard of one of the members of the Association's Board of Directors—were also in violation of the covenant, the trial court entered judgment denying the Association's request for an injunction and attorney fees of $28,000. According to the trial court the equitable doctrine of "unclean hands" was fatal to the Association's claim.

On review, the Court of Appeals reversed the trial court's judgment on grounds that the unclean hands doctrine was not applicable to the facts of this case. In the court's view, because the Association was not a homeowner and did not itself violate the covenant, its own hands were not unclean. *See Wedgewood Cmty. Ass'n, Inc. v. Nash,* 781 N.E.2d 1172, 1179 (Ind.Ct.App.2003), *reh'g granted,* 789 N.E.2d 495, 496 (Ind.Ct.App.2003). I believe we should grant transfer in this case to correct substantial error.

The trial court entered special findings pursuant to Indiana Trial Rule 52(A) which prohibits a reviewing court on appeal from setting aside the trial court's judgment "unless clearly erroneous." A trial court's judgment is "clearly erroneous" only if (i) its findings of fact do not support its conclusions of law or (ii) its conclusions of law do not support its judgment. *Dunson v. Dunson,* 769 N.E.2d 1120, 1123 (Ind.2002).

For the regulation and government of judicial action, courts of equity have formulated certain rules or principles which are described by the term "maxims." There are a number of equitable maxims that involve the question of whether the conduct of a party seeking equitable relief entitles the party to the court's assistance. "Where it appears that the litigant has not acted in accordance with these maxims, as a general rule relief will be denied." 27A Am.Jur.2d *Equity* 119 (1996). One such maxim is that "he who seeks equity must come into court with clean hands." This maxim "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *ABF Freight Sys., Inc. v. N.L.R.B.,* 510 U.S. 317, 330, 114 S.Ct. 835, 127 L.Ed.2d 152 (1994) (Scalia, J., concurring) (quotation omitted). As one treatise has observed, "Almost any kind of conduct the [court] may consider to be unethical or improper might suffice to bar the plaintiff's claim,

even if the conduct is not actually illegal." 1 Dan B. Dobbs *Law of Remedies* 2.4(2) (2d ed.1993). Thus the maxim "necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 816, 65 S.Ct. 993, 89 L.Ed. 1381 (1945); *Packers Trading Co. v. Commodity Futures Trading Comm'n*, 972 F.2d 144, 149 (7th Cir.1992) (observing that the Court is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion") (quotation omitted).

In this case focusing on Nash's claim that "[i]t is clearly inequitable for Wedgewood to bring a suit based on Nash's alleged violation of a restrictive covenant when Wedgewood's board member is in violation," *Wedgewood*, 781 N.E.2d at 1178 (quoting Appellee's Br. at 10), the Court of Appeals reasoned that the Association itself did not violate the covenant because it is not a resident of the neighborhood. Thus according to the court "the unclean hands doctrine is not applicable to this case, and the trial court's decision is clearly erroneous." *Id.* Although the opinion does not say so in express terms, implicit in the Court of Appeals' reasoning is that the conduct of a board member cannot be imputed to the corporation for purposes of applying the equitable maxim of clean hands. First, I am not so sure about the correctness of this proposition. *See, e.g., Traylor v. By–Pass 46 Steak House, Inc.*, 259 Ind. 224, 285 N.E.2d 820, 822 (1972) (declaring unclean hands doctrine would apply to corporation if director's misconduct had been intentional).

In any event, the fact that the Association is not a homeowner and could not have violated the restrictive covenant is beside the point. The trial court recognized that the Association was seeking by injunction to enforce a covenant against one homeowner, while at the same time declining to enforce against two other homeowners a near-identical violation of the same covenant. One of the violators just happened to be a member of the Association's Board of Directors. It may indeed be the case that the "[a]lleged selective enforcement of restrictive covenants is clearly not a violation of the restrictive covenant forbidding outbuildings and may be remedied by the ballot box of the association officer election." *Wedgewood*, 781 N.E.2d at 1179. The question however is whether the selective enforcement in this case was inequitable and improper, thus barring the Association's claim for equitable relief. Declining to grant the Association's complaint for injunction, the trial court answered yes. The denial of an injunction lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or amounted to an abuse of discretion. *Stewart v. Jackson*, 635 N.E.2d 186, 189 (Ind.Ct.App.1994). Here the trial court's judgment was not clearly erroneous and its decision was neither arbitrary nor an abuse of discretion. We should grant transfer and say so.

DICKSON, J., concurs.